[No. 17201. Department One. July 17, 1922.]

W. G. HOLMES, *Appellant,* v. PIERCE COUNTY *et al.,*
*Respondents.*[1]

HIGHWAYS (5)—ESTABLISHMENT — PRESCRIPTIVE RIGHTS — INTER-FERENCE WITH PUBLIC USE. The erection and maintenance of a gate across a highway to restrain cattle from straying, which did not obstruct the free use of the way, and was not erected by the owner of the lands against whom adverse use is claimed would be some evidence against a dedication and prescriptive use, but does not overcome other evidence that it was dedicated at its inception and was continuously used.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered October 7, 1921, upon findings in favor of the defendants, in an action for an injunction, tried to the court. Affirmed.

*A. O. Burmeister* and *J. H. Gordon,* for appellant.

*J. W. Selden, Rex S. Roudebush,* and *Frank D. Nash,* for respondents.

FULLERTON, J.—The appellant, W. G. Holmes, is the owner of a forty-acre tract of land situated in Pierce

[1]Reported in 208 Pac. 7.

county. A road extends across the tract from a point near its southwest corner northerly to the north line thereof. The road is a cul de sac, having its southern terminal on a tract of land called in the record the "Anderson Place," and its northern terminal in a county road extending east and west on the north side of the appellant's land. The road is approximately a half mile in length. In the summer of 1921, the respondent county entered upon the road and began improving it by placing gravel thereon, claiming the road to be a public road. The appellant thereupon began the present action to restrain it from so doing. In his complaint the appellant alleged ownership in the property in himself, that the placing of gravel on the road would render that portion of the premises unfit for agricultural purposes, the only purpose for which the premises were suitable, and would otherwise cause him great and irreparable injury. The county answered in substance that the road had been open as a public highway for more than twenty-five years prior to the time of the commencement of the action, and during all of such period had been used continuously, uninterruptedly and adversely to the owners of the land by persons residing on and near the road and by the public generally, and had become by such use a public highway. The cause was tried on the issue of adverse user, and resulted in findings and conclusions in favor of the county's contentions. From a judgment entered in accordance with the findings and conclusions, the appeal is prosecuted.

In the main the facts shown by the evidence are well epitomized in the third finding of fact made by the trial court. The finding reads:

"That a public highway extends through the said lands of plaintiff which now is and has been for over twenty-five years last past used and maintained as a

public highway.    That said highway extends from
what is known as the Anderson place near the center of
the west line of section 2, township 20, north of range 1
west, W. M., northeast through the SW¼ of the NW¼;
the NW¼ of the NW¼; the NE¼ of the NW¼ of said
section 2, and connects with the county road known as
the Ira Craviston road, extending northerly to the
Kitsap county line.    That said road through the lands
of  plaintiff was  constructed  more than twenty-five
years ago by John Anderson and R. Tiedeman, said
Tiedeman then owning the lands now owned by plain-
tiff, and said road was opened through said land of
plaintiff for the purpose of being used as a highway
for the benefit of the public; and said road crossing
plaintiff's land is the only road and course of ingress
and egress of the parties whose land abuts thereon
residing south and west of plaintiff's lands from their
places of residence to the said Craviston road.    That
said road through plaintiff's land is cut through tim-
ber and underbrush, is well defined and there is no
other way or road across said plaintiff's land; that it
has been used continuously, uninterruptedly and ad-
versely to the owner thereof and with their knowledge
of such use for over twenty-five years by people re-
siding thereon and the public generally, and it has
been so used adversely by the owners of land lying
south and west of plaintiff's land who became such
owners subsequent to the time the plaintiff went into
possession of said land owned by him.''

A further fact, however, appeared in the evidence not
mentioned by the court.    The owner of the tract lying
immediately west of the lands of the appellant, on
fencing it to restrain his cattle from straying from
his own premises, placed a gate across the road near
the southwest corner of the appellant's land.    This
gate was maintained for a considerable period of time
during the twenty-five year period mentioned in the
court's finding, and was in existence some part of the
time during the last ten years of that period.    The ap-

pellant cites the case of *Megrath v. Nickerson,* 24 Wash. 235, 64 Pac. 163, contending that it presents a situation practically identical with the situation presented in the case at bar and requires the holding (as was the holding in that case) that the erection and maintenance of a gate evinced an intention to exclude the public from an uninterrupted use of the road and destroyed any prescriptive right not fully accrued. But it will be observed that there is a wide difference in the facts of the cited case and facts of the present case. The gate erected in the cited case was erected by the owner of the property against whom the right by prescription was claimed, and it obstructed the free use of the way across the owner's property. Here the gate was not erected by the person against whom the prescription right is claimed, and it in no way obstructed or interfered with the free use of the way across his property. On the contrary, it was erected by another person on lands of that person for purposes with which the person against whom the prescription right is claimed had nothing to do. Clearly the situations are not identical, and it is equally clear that the holding in the one case is not authority for a like holding in the other.

On the question whether a given way is a public highway, it is some evidence against an affirmative answer thereto to show that the owners of adjacent and abutting property committed acts with reference to the way inconsistent with the idea of a public highway. In this light, the act of the party in erecting the gate across the present way and the acquiescence therein of other users of the way weighs somewhat strongly against their testimony to the effect that it was dedicated in its inception and has since been continuously used as a public highway. But the record offers some explanation of the apparent inconsistency, and we can-

not say that it overcomes the conclusion reached by the trial court.

The judgment is affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.